IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

LONNIE DUSTIN HAGGERTY, GT-5019, )
    Petitioner, )
)
    v. ) 2:13-cv-100
)
DANIEL P. BURNS, et al., )
    Respondents. )

MEMORANDUM and ORDER

Mitchell M.J.:

    Lonnie Dustin Haggerty an inmate at the State Correctional Institution-Forest has presented a petition for a writ of habeas corpus. For the reasons set forth below, the petition of Lonnie Dustin Haggerty (ECF 3) for a writ of habeas corpus will be dismissed and because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied.

    Haggerty is presently serving a nine to twenty year sentence imposed following his conviction by a jury of statutory sexual assault, indecent deviate sexual intercourse, sexual assault, indecent assault, corruption of minors and unlawful contact/communication at No. CP-32-CR-761-2005 in the Court of Common Pleas of Indiana County, Pennsylvania.[1] This sentence was imposed on July 24, 2006.[2]

    An appeal was taken to the Superior Court in which the issue presented was:

> Whether the trial court erred by refusing to grant a mistrial and then by giving an inadequate curative instruction to the jury when a Commonwealth witness referred to others trials and to a hearing in another county.[3]

On August 11, 2008, the judgment of sentence was affirmed.[4]

    A post-conviction petition was filed on or about June 3, 2009. Relief was denied on July 28, 2010.[5] An appeal was taken to the Superior Court in which the questions presented were:

---

[1] It appears that the petitioner was originally charged in Armstrong County, but after it was determined that the offenses occurred in Indiana County, the charges were refiled in the latter county.
[2] See: Petition at ¶¶ 1-6.
[3] See: Exhibit E to the answer at p.4.
[4] See: Exhibit F to the answer.
[5] See: Exhibit I to the answer.

> I. Did the PCRA Court abuse its discretion by denying the Defendant Post-Conviction Collateral Relief by ruling that Donald L. McKee, Esquire, trial counsel for the Appellant, was not ineffective counsel?
>
> II. Did the PCRA Court abuse its discretion by not determining that trial counsel was ineffective during the guilty plea phase of the Petitioner's trial?[6]

On June 21, 2012, the Superior Court affirmed the denial of post-conviction relief.[7] Leave to appeal was denied by the Pennsylvania Supreme Court on November 28, 2012.[8]

In the instant petition executed on January 14, 2013, Haggerty contends he is entitled to relief on the following grounds:

1. Ineffective assistant of trial counsel. Trial counsel was ineffective by virtue of his failure to fully investigate the underlying facts and circumstances of this case by failing to even interview the petitioner to ascertain his version of events and as a consequence of his investigative failures, counsel failed to discover witnesses and facts helpful to the defense which left counsel dreadfully unprepared to subject the Commonwealth's case to meaningful adversarial testing and prevented him from mounting a reasonable defense at trial.

2. Ineffective assistance of trial counsel. Trial counsel was ineffective for failing to rebut and attempt to impeach the testimony of a Commonwealth witness with available witnesses capable of discrediting the witness's testimony and call her credibility into question due to her not being physically present at the scene during the time frame of the events in question to have heard or observed anything to which she testified, permitting false evidence to be put before the jury, undermining the adversarial process and infringing upon petitioner's right to reasonably confront the witnesses against him.

3. Ineffective assistance of trial counsel. Trial counsel was ineffective by virtue of his failure to fully consult with and reasonably advise petitioner of the inherent risks, ramifications and potential consequences, direct or collateral, of withdrawing his previously entered guilty plea, thereby depriving him of the legal information needed to rationally weigh his alternatives and prevented him from making a reasoned and informed decision.

4. Ineffective assistance of trial counsel. Trial counsel was ineffective by virtue of his failure to impeach or attempt to undermine the credibility of the alleged victim in this case with available proof of prior inconsistent statements contained in the victim's own written statement to the police which omitted minute details he would later testify to at trial and in a CYS document which

---

[6] See: Exhibit K to the answer at pp.4-5.
[7] See: Exhibit L to the answer.
[8] See: Exhibit N to the answer.

detailed another version of events wholly inconsistent with his trial testimony that were in counsel's possession prior to and at the time of trial that he failed to introduce in support of his asserted defense of discrediting the witness.

5. Illegal sentence/double jeopardy violation. The trial court imposed a patently illegal sentence when it sentenced petitioner to a consecutive sentence on a lesser included offense for a single purported act founded upon the same underlying facts and circumstances as the greater offense in violation of the double jeopardy clause's proscription against multiple punishments and duplicitous sentences for crimes which should have merged at sentencing in violation of the Fifth Amendment.

6. Ineffective assistance of counsel on direct appeal. Direct appeal counsel was ineffective by virtue of his failure to present a challenge on the nunc pro tunc appeal to the legality or discretionary aspects of petitioner's sentence depriving him of due process where two separate sentences were imposed consecutively for a single act in violation of the double jeopardy clause of the Fifth Amendment's proscription against cumulative, multiple punishments for the same offense that qualified as lesser and greater included offenses.[9]

The factual background to this prosecution is set forth in the June 21, 2012, Memorandum of the Superior Court:

> In July 2004, a fourteen-year-old boy accused Appellant of sexually abusing him while he slept. The Commonwealth charged Appellant with involuntary deviate sexual intercourse, sexual assault, statutory sexual assault, indecent assault, corruption of minors, and unlawful contact with a minor. In December 2005, Appellant entered a guilty plea to statutory sexual assault, in exchange for the remaining charges to be *nol prossed*. At sentencing, however, Appellant orally moved to withdraw his guilty plea and the trial court granted Appellant's motion. Following a trial in April 2006, a jury convicted Appellant of all of the aforementioned crimes…[10]

It is provided in 28 U.S.C. §2254(b) that:

An application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that the applicant has exhausted the remedies available in the courts of the State, or that there is either an absence of available State corrective process or the existence of circumstances rendering such process ineffective to protect the rights of the prisoner.

---

[9] See: Petition at ¶ 12.
[10] See: Exhibit L to the answer at pp. 1-2.

This statute represents a codification of the well-established concept which requires that before a federal court will review any allegations raised by a state prisoner, those allegations must first be presented to that state's highest court for consideration. Preiser v. Rodriguez, 411 U.S. 475 (1973); Braden v. 30th Judicial Circuit Court of Kentucky, 410 U.S. 484 (1973); Doctor v. Walters, 96 F.3d 675 (3d Cir. 1996).

It is only when a petitioner has demonstrated that the available corrective process would be ineffective or futile that the exhaustion requirement will not be imposed. Preiser v. Rodriguez, supra.; Walker v. Vaughn, 53 F.3d 609 (3d Cir. 1995).

If it appears that there are available state court remedies, the court must determine whether a procedural default has occurred. If a procedural default has occurred, the court must determine whether cause or prejudice exists for the default, or whether a fundamental miscarriage of justice would result from a failure to consider the claims. Carter v. Vaughn, 62 F.3d 591 (3d Cir. 1995).

In construing § 2254(d)(1), the Court in Williams v. Taylor, 529 U.S. 362, 412-413 (2000) stated:

> Under § 2254(d)(1), the writ may issue only if one of the following two conditions is satisfied - the state-court adjudication resulted in a decision that (1) "was contrary to ... clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "involved an unreasonable application of ... clearly established Federal law, as determined by the Supreme Court of the United States." Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.
> We must thus decide whether the state supreme court's "adjudication of the claim ... resulted in a decision that was *contrary to*, or involved *an unreasonable application* of, clearly established Federal law, as determined by the Supreme Court of the United States...

> A state court adjudication is "contrary to" Supreme Court precedent if it results from the application of "a rule that contradicts the governing law set forth" by the Supreme Court or is inconsistent with Supreme Court decision in a case involving "materially indistinguishable" facts ... "A state court decision fails the 'unreasonable application' prong only 'if the court identifies the correct governing rule from the Supreme Court's cases but unreasonably applies it to the facts of the particular case or if the state court either unreasonably extends a legal principle from the Supreme court's precedent to a new context where it should not apply or unreasonably refuses to extend the principle to a new context where it should apply...(citations omitted).

That is, the state court determination must be objectively unreasonable. Renico v. Lett, 130 S.Ct. 1855 (2010).

In the instant case, the petitioner's first four arguments allege ineffective assistance of counsel while in his fifth and sixth arguments he seeks to challenge his sentence.[11] Since the issue of the legality of the sentence has never been raised in the state courts, the petitioner has failed to exhaust the available state court remedies on this issue. However, because he is now time barred from doing so a procedural default has occurred.[12] In Coleman v. Thompson, 501 U.S. 722,750 (1991), the Court held:

> In all cases in which a state prisoner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule, federal habeas review of the claims is barred unless the prisoner can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claim will result in a fundamental miscarriage of justice.

Because no such showing is made here, the petitioner has defaulted the available state court remedies on these issues and no further consideration is warranted here.[13]

In Strickland v. Washington, 466 U.S. 668 (1984), the Supreme Court explained that there are two components to demonstrating a violation of the right to the effective assistance of counsel. First, the petitioner must show that counsel's performance was

---

[11] In his sixth issue, the petitioner contends that counsel was ineffective in failing to challenge the imposed sentence, but the gravamen of his argument is a challenge to his sentence.

[12] 42 Pa.C.S.A. § 9545(b).

[13] We also observe that Haggerty was convicted of two first degree felonies, two second degree felonies and first and second degree misdemeanors. The penalties for first degree felonies are sentences of up to twenty years; for second degree felonies up to ten years (18 Pa.S.C.A. § 1103); a five year maximum for a first degree misdemeanor and up to two years for a second degree misdemeanor (18 Pa.C.S.A. § 1104). Thus, his sentence was clearly within the statutory maximum and a challenge here would not provide a basis for relief. LaBoy v.Carroll. 437 F.Supp. 2d 260 (D.Del.2006).

5

deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. 362, 390-91 (2000). Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687, 104 S.Ct. 2052. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694. The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Rainey v. Varner, 603 F.3d 189,197 (3d Cir.2010) cert. denied 131 S.Ct. 1673 (2011). As a result, if a petitioner fails on either prong, he loses. Rolan v. Vaughn, 445 F.3d 671 (3d Cir.2006).

The ineffectiveness of counsel issues were raised in the Superior Court in Haggerty's post-conviction appeal. Specifically in reviewing them, the Court wrote:

> Appellant asserts three occurrences of trial counsel ineffectiveness. First Appellant maintains that trial counsel was ineffective for failing to call his parents to refute the testimony, and impeach the credibility, of Commonwealth witness, Cindy Shoop… [A]t trial, Shoop testified that, on the night of the incident, the victim went to sleep in a tent in Appellant's backyard with Shoop and her family and when she woke up, the victim was not there. Appellant contends that trial counsel was ineffective for failing to call his parents who would have testified that Shoop did not spend the night in Appellant's backyard… Next, Appellant argues that trial counsel was ineffective for failing to impeach the victim with prior inconsistent statements made to Indiana County Children and Youth Services (CYS)… Specifically, Appellant claims "the CYS report indicates that [] Appellant made the victim give him oral sex, but at trial, the victim stated that he was the recipient… Third, Appellant contends that trial counsel was ineffective for generally failing to interview defense witnesses, but again, specifically highlights the need for his parents' testimony…In conjunction with his second issue presented, Appellant argues that the aforementioned failures prejudiced him because he withdrew his guilty plea without proper legal consultation and trial counsel was "dreadfully unprepared to defend [] Appellant at trial."[14]

In reviewing the allegation that counsel was ineffective for failing to call the petitioner's parents as witnesses where their testimony would have demonstrated that witness Shoop was not

---

[14] See: Exhibit L to the answer at pp.4-5.

present during the entire night, the Superior Court relied on the conclusion of the trial court that the testimony of the parents was irrelevant since Shoop did not witness any of the events but merely testified to the absence of the victim from the tent in which he had gone to sleep. Factual findings of the state courts are presumed correct. 28 U.S.C. §2254 (e)(1), Roland v. Vaughn, 445 F.3d 671 (3d Cir.2006). This conclusion is bolstered by the post-conviction hearing were both the petitioner and his trial counsel testified that there was no indication that petitioner's parents had any information relative to the allegations in the criminal charges (PCRA. 3/16/10 pp. 74, 80). For this reason, his first two allegations do not provide a basis for relief here.

Petitioner contends in his third issue is that counsel was ineffective in failing to fully advise him of the ramifications of withdrawing his guilty plea. This allegation is clearly belied by the record of the post-conviction hearing where petitioner testified that counsel had explained to him that his plea agreement eliminated a mandatory minimum five year sentence and the Megan's law requirements. (PCRA. 3/16/10 pp. 18, 20). In addition, trial counsel testified that while he had no specific recollection of petitioner's plea withdrawal, his normal practice was to advise clients that withdrawal of a plea reinstated all the charges including those which had been dropped as part of the plea. (PCRA. 3/16/10 pp. 72-73).

In the Superior Court, the petitioner based his argument on Padilla v. Kentucky, 130 S.Ct. 1473 (2010), which held that counsel was ineffective for failing to advise Padilla of the consequences, i.e., deportation, as a result of entering a guilty plea to drug-related charges. Here, the record clearly demonstrates that the petitioner was correctly advised by counsel of the possible consequences of withdrawing his plea including the Megan's Law and minimum mandatory sentence requirements, and nevertheless he chose to disregard this advice and now complains about the consequences. Thus, there is no basis for alleging that counsel's performance fell below a level of objective reasonableness and this claim does not provide a basis for relief here.

Haggerty's final argument is that counsel was ineffective for failing to impeach the credibility of the victim. Specifically in this regard, petitioner contends that in his initial contact with CYS, the victim denied any inappropriate conduct, then subsequently stated that there were several occasions of inappropriate conduct. At trial, the victim testified that there was one incident(TT. 4/3/06 pp. 25-29, 38-43, 49-50). Haggerty now argues that counsel was ineffective for failing to introduce the victim's prior statement. After reviewing the victim's CYS statement

7

the trial court wrote that the statement "confirms the sexual assault and in fact alleges the assault occurred more times than the victim testified to at trial" (Op. 7/28/10, Ex. I. p. 4). Certainly, it would have been folly for counsel to introduce this more incriminating statement. As a matter of sound trial strategy, counsel's decision may not be second guessed. Rolan v. Vaughn, supra.

Because it appears that counsel was not constitutionally defective, it cannot be concluded that petitioner's conviction was obtained in any manner contrary to the determinations of the United States Supreme Court nor involved an unreasonable application of those determinations. For this reason, he is not entitled to relief here, and his petition will be dismissed. Additionally, because reasonable jurists could not conclude that a basis for relief exists, a certificate of appealability will be denied.

An appropriate Order will be entered.

ORDER

AND NOW, this 6th day of May 2013, for the reasons set forth in the foregoing Memorandum, the petition of Lonnie Dustin Haggerty (ECF 3) is DISMISSED, and because reasonable jurists could not conclude that a basis for appeal exists, a certificate of appealability is DENIED.

                                                  s/ Robert C. Mitchell
                                                  United States Magistrate Judge